IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONALD STEVEN BRYAN                                                                                      PLAINTIFF

v.                                    Civil No. 5:23-cv-05239-TLB-CDC

ANGELINE BACON, Public Defender;
NANCY ALDRIDGE, Prosecuting Attorney;
and JOHN DOE, First Helping Public Defender                                        DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff, Donald S. Bryan ("Bryan"), pursuant to 42 U.S.C. § 1983. Bryan proceeds *pro se* and *in forma pauperis*.

Bryan has named as Defendants his former public defender, Angeline Bacon, the assistant public defender, John Doe, and prosecuting attorney, Nancy Aldridge. All Defendants were involved with criminal charges that were pending against Bryan in August or September of 2022. Bryan has sued the Defendants in both their individual and official capacities.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I. BACKGROUND**

According to the Complaint, in August or September of 2022, a week before Bryan was set for trial, the Defendants attempted to coerce him into taking a plea agreement with a prison sentence. (ECF No. 1 at 4). Defendant Bacon first came to Bryan with a plea offer that would

result in three years of prison time. *Id.* at 5. Bryan rejected the offer saying he would rather go to trial. *Id.* Defendant Bacon responded that if Bryan refused the offer, Defendant Aldridge would drop the charges and proceed to "charge [him] with pills" that Defendant Aldridge had not filed charges on for nine months. *Id.* Bryan said he had been told if he went to trial for possession of methamphetamine, he could be sentenced for thirty to forty years as a habitual offender despite this being his "first drug charge ever." *Id.*

Bryan asked to be allowed to think about it overnight. (ECF No. 6). He says Defendants Bacon and Doe continued to assert pressure on him to take the plea offer. *Id.* When he went back to his cell, Bryan states he wrote a letter to Judge Green telling her how he was being threatened and coerced. *Id.* Bryan did not hear from the judge. *Id.* Bryan says he also filed a complaint with the Public Defender Board. *Id.*

Two days later, Defendant Bacon brought him a plea agreement for time served, six months in rehabilitation, and six years' probation. (ECF No. 1 at 6). Bryan signed it. *Id.* Two days after he signed the first agreement, Bryan says Defendant Bacon brought him a second agreement saying he would plead guilty to failure to appear which carried a twenty-two-year sentence, but it would be suspended. *Id.* Bryan said he signed this agreement under duress. *Id.* After his signature Bryan wrote "v.c. . . .." *Id.* Bryan explains this is short for the Latin term "vi coactis" which means under duress. *Id.*

In the relief section of the Complaint, Bryan asserts he is an "American State National and the courts cannot change [his] Jus soli status and threaten and [coerce him]." (ECF No. 1 at 7). He seeks compensatory and punitive damages, all charges "discharged," $1500 per day of incarceration or in a program, all his property returned, and loss of wages. *Id.*

## II.  APPLICABLE LAW

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Id.* at 544.  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United

3

States. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

### A. Public Defenders

Public defenders do not act under color of state law while representing criminal defendants. *Polk Cty. v. Dodson,* 454 U.S. 312, 324 (1981) (neither public defenders nor privately retained defense counsel act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). The only allegations Bryan has made against Defendants Bacon and Doe are in connection with their representation of him in his criminal case. Bryan's claims against Defendants Bacon and Doe are therefore subject to dismissal.

### B. Prosecutorial Immunity

The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Bryan has failed to allege Defendant Aldridge engaged in any conduct other than prosecutorial functions. "Whatever [Defendant Aldridge's] motives may have been . . . [her]

4

conduct in filing [and pursuing] the charges is protected by absolute immunity." *Sample v. City of Woodbury,* 836 F.3d 913, 916 (8th Cir. 2016).  Accordingly, Defendant Aldridge is entitled to absolute immunity on the individual capacity claims against her. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

### C. Sovereign Immunity

In Arkansas, prosecuting attorneys are officers of the state.  Ark. Const. amend. 80, §20.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the state itself."  *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 71 (1989) (citation omitted).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States."  U.S. Const. amend XI.  "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent."  *Frew ex re. Frew v. Hawkins,* 540 U.S. 431, 437 (2004).  "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'"  *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir. 1991) (quoting *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)).

This bar exists whether the relief sought is legal or equitable.  *Papasan v. Allain*, 478 U.S. 265, 276 (1986).  Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983."  *Will,* 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity.  *Hutto v. Finney,* 437

U.S. 678, 693 (1978).  The State of Arkansas has not waived its sovereign immunity.  *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.,* 76 F.3d 1437, 1438 (8th Cir. 1996).  Nor did Congress abrogate sovereign immunity when enacting § 1983.  *Quern v. Jordan*, 440 U.S. 332, 345 (1979).  The official capacity claims against Defendant Aldridge are barred by the Eleventh Amendment.

### D.  Declaratory and Injunctive Relief

To the extent the Complaint (ECF No. 1) can be read to be seeking declaratory relief, the request is barred by sovereign immunity.  The exception to Eleventh Amendment immunity created by the doctrine of *Ex Parte Young,* 209 U.S. 123, 155-56 (1908), which allows a party to seek prospective injunctive relief in federal court against state officials in their official capacities, does not apply to requests for declaratory relief establishing past violations of federal law.  *Verizon Maryland, Inc., v. Public Serv. Comm'n of Maryland,* 535 U.S. 635, 646 (2002).  Bryan's claims for declaratory relief are also barred by the *Rooker-Feldman* doctrine which provides that, except for *habeas corpus* petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings.  *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415 (1923); *see also Mosby v. Ligon*, 418 F.3d 927, 931 (2005).

Finally, the Supreme Court has held that a state prisoner may not use §1983 to challenge "the fact or duration of his confinement."  *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973).  A prisoner seeking either immediate release from prison or a shortening of his term of confinement must seek habeas relief instead.  *Id.*  Bryan is therefore entitled to neither declaratory nor injunctive relief in this case.

### V.  CONCLUSION

For the reasons stated above, I recommend this case be **DISMISSED WITH PREJUDICE.**

**Status of the Referral: The Referral is terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 26th day of January 2024.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE